# Respublica *against* the County Commissioners of Philadelphia county.

*Mandamus* will not lie to the commissioners of Philadelphia county, to pay the salary of the keeper of the gaol.
A statute cannot be repealed by non-user.

RULE to shew cause, why a *mandamus* should not issue to the county commissioners, to pay the salary due to Philip Edwards, as keeper of the gaol of the city and county of Philadelphia, and the interest thereon.

By the act "to reform the penal law of this state," passed 5th April 1790, § 15, it is directed, that the keeper of the gaol with the approbation of any two inspectors, shall provide a sufficient quantity of stock and materials, working tools and instruments ; for the expence whereof the inspectors shall draw orders, to be countersigned by the commissioners, on the treasurer of *the county ; and the said keeper shall cause the accounts to be regularly kept.	2 St. Laws 807.	By sect. 17, if [*182 any frauds shall appear in such accounts, the particulars thereof shall be reported by the inspectors in writing to the mayor of the city.	By § 22, the gaoler shall give bond to the treasurer of the county, in 500l., with two sureties, conditioned for the faithful performance of his trust : his salary was to be paid in quarterly payments, by orders to be drawn on the county treasurer, by the mayor ; and his appointment to be by the mayor, two city aldermen, and two justices of the peace.	But by another act passed 8th April 1795, § 4, the powers of the mayor and justices, in these particulars, were to be exercised exclusively by the inspectors.	3 St. Laws 773.

The keeper of the gaol claimed a large sum of money, under a settlement with the inspectors, and orders drawn by the commissioners, amounting with interest thereon to the 15th September last, to $4883 and 66 cents.	The object of the rule

was to obtain a decision of the court, respecting his claim of interest.

It was objected in behalf of the commissioners, that Edwards had not given an official bond to the treasurer as the law requires. The party must suggest whatever is necessary to entitle him to the writ. 6 Mod. 310.

He must shew that he has a right to the remedy prayed for. 4 Burr. 2191. It must appear, that he has complied with all the necessary requisites to give him a *prima facie* title. 3 Term Rep. 575.

As to the exception, it was proved, that Edwards first acted as an assistant keeper, and in the latter end of 1798, was appointed principal keeper of the gaol, by the inspectors. The funds of the institution were then low, and the inspectors were obliged to borrow money for the public use. The board agreed, that if he would permit the money due to him, to remain in their hands, it would be an adequate security, and they would pay him interest therefor. This was mutually agreed upon by the inspectors and Edwards.

It was then objected, that the rule should have been taken on the inspectors of the gaol, and not on the commissioners. The inspectors are to draw the orders by law, and the powers of the mayor, &c., are now vested in them. A *mandamus* only lies to the party bound to do the act. 2 Term Rep. 232.

Hereupon it was shewn, that by an arrangement made between the commissioners and·the inspectors, the former were allowed to draw the orders on the treasurer, in order to make the appropriations to meet the disbursements. The proposition came from the commissioners, and was acceded to by the board of inspectors, as a reasonable measure. The practice has been conformable *thereto since 1800 ; and in fact, nine orders *183] for quarters salaries had been signed by the county commissioners in favour of Edwards, on which the present rule was obtained.

To this it was answered, and so resolved by the court, that the agreement of the commissioners and inspectors is a mere nullity, so far as it contravenes the act of assembly. The court must see the law carried into execution, notwithstanding a practice may have prevailed against it. A statute cannot be repealed by non-user. 2 Term Rep. 275. It would be an arbitrary assumption of power in the court to require by their writ, an act to be done by the commissioners, which, if the law warranted, it must be done by other persons, by express words.

Rule discharged.

Messrs. E. Tilghman and Hopkins in support of the rule.

Mr. M'Kean for the commissioners.

In Porter's Appeals, 30 Pa. 499, the court said : " The notion that statutes are " not repealable by non-user, is founded on two cases of not very high authority, re-

[Leedom *v.* Pancake and Wife.]

" ported in 4 Yeates 181 and 215, both of which depend on an *obiter dictum* in White
" *v.* Bort, 2 Term R. 275, a case that was overruled in Leigh *v.* Kent, 3 Term R. 364.
" A proposition no better supported cannot prevail against the clear reasoning of
" Chief Justice TILGHMAN in Wright *v.* Crane, 13 S. & R. 452."